Dear Executive Secretary Deatherage
¶ 0 This office has received your request for an Attorney General's Opinion in which you asked, in effect, the following question:
Are fees collected by the Board of Veterinary Examiners, tocover the cost of licensure examinations administered by theBoard, exempt from the requirement that the Board transfer tenpercent (10%) of its collected fees to the General Revenue Fundpursuant to 62 O.S. 1991, § 211[62-211]?
¶ 1 The Board of Veterinary Medical Examiners is self-supported by revenues generated by its activities, including fees, charges and reimbursed costs. 59 O.S. 1991, § 698.6[59-698.6](D). The Board is required to set its fees, charges, reimbursement minimums and other revenue by rule. 59 O.S. 1991, § 698.6[59-698.6](E). You have advised this office that certain fees charged by the Board are set to cover the cost of the licensure examinations taken by applicants for licensure by the Board.
¶ 2 The Board is required to deposit ten percent (10%) of the fees it collects into the General Revenue Fund:
 All self-sustaining boards created by statute to regulate and prescribe standards, practices, and procedures in any profession, occupation or vocation, shall at the close of each fiscal year hereafter file with the Governor and the State Auditor and Inspector a true and correct report of all fees charged, collected and received during the previous fiscal year and shall pay into the General Revenue Fund of the State ten percent (10%) of the gross fees so charged, collected and received by such board.
62 O.S. 1991, § 211[62-211]. This requirement is mirrored in the Oklahoma Veterinary Practice Act at 59 O.S. 1991, § 698.6[59-698.6](D).
¶ 3 Section 211 is unambiguous as to the scope of its mandate. Ten percent of all fees charged by a self-sustaining agency must annually be deposited to the General Revenue Fund. No exemption has been provided by the Legislature and none can be implied by this office. We can reasonably assume that the purpose of this statute is to require those licensed and those who seek licensure from the State to fund the costs of such actions by the State outside of those undertaken by the agency. As such, we opine the effect of Section 211 is the very same as plainly expressed therein: 10% of all fees collected by the Board must be deposited into the General Revenue Fund.
¶ 4 You have advised us that the examination fees represent the actual cost of the examination to the agency or applicant. For the Board to deposit 10% of these funds to the General Revenue Fund results in a loss of revenue to the Board. In this event, the Board may wish to consider setting by rule, pursuant to its authority to set fees, an examination fee which covers both the cost of the examination fee and the 10% to be deposited into the General Revenue Fund.
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Fees collected by the Board of Veterinary Examiners, to coverthe cost of licensure examinations administered by the Board, arenot exempt from the requirement that the Board transfer tenpercent (10%) of its collected fees to the General Revenue Fundpursuant to 62 O.S. 1991, § 211[62-211] and 59 O.S. 1991, §698.6(D).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL